# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYREE BREEDLOVE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>V. FIGUEROA, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-01669-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIM<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Kyree Breedlove ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on December 10, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison in Delano, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Officer V. Figueroa; (2) Officer S. Savoie; and (3) Officer V. Flores.

Plaintiff asserts excessive force in violation of the Eighth Amendment and alleges as follows:

> On 9/6/18 at or around 8:10 AM C/O Figueroa and C/O S. Savoie asked me to step out my cell so they can search I complied an went to lower "C" section shower and locked myself in around 5 mins later C/O V. Figueroa told C/O Flores to open the shower I walked back to my cell and C/O Flores locked me in my cell before the officers left I remembered to ask for a cell search [receipt] at witch [sic] time C/O Figueroa told me to "Shut the fuck up" I said what man call the [sergeant]" at that time he grabbed his can of []pepper spray and motioned for C/O Flores to reopen my cell door when my cell door opened C/O Figueroa sprayed his can of O/C MK9 pepper spray directly in my eye I turned around and put my hands in the air and walked to the back of the cell and assumed a prone [position] the officer then walked in the cell and sprayed the rest of his can to the back of my head and ears He put me in cuffs and dragged me out the cell by my [ankles through] a puddle of O.C. MK9 peeper spray I thought I was gunna [sic] die

(ECF No. 1 at 3.) Plaintiff claims that he had an ear infection due to the spray and had to get glasses for damage to his vision caused by the pepper spray. (Id.) As relief, Plaintiff seeks monetary damages.

2

**III. Discussion**

**A. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff's complaint fails to adequately link Defendants Flores and Savoie to any violation of his rights. Although Plaintiff mentions these defendants in his allegations, he does not adequately link them to any act or omission that resulted in a violation of his constitutional rights. If Plaintiff elects to amend his complaint, he must allege what each of these defendants did or did not do that resulted in a constitutional violation.

**B. Eighth Amendment – Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

At the pleading stage, the Court finds that Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant Figueroa. However, Plaintiff does not state a cognizable excessive force claim against Defendants Savoie or Flores. Plaintiff's complaint lacks any factual allegations to suggest that they were involved in any use of force.

Insofar as Plaintiff is attempting to assert that Defendants Flores and Savoie failed to intervene in the use of excessive force, his complaint also fails to state a cognizable claim. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 832–33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). As currently pled, however, Plaintiff's allegations do not demonstrate that either Defendant Flores or Defendant Savoie were in a position to intervene in the use of excessive force by Defendant Figueroa.

**IV.   Conclusion and Order**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant Figueroa. However, Plaintiff's complaint fails to state any other cognizable claims for relief. Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim. The Court

4

will then recommend that the remaining claims and defendants be dismissed from this action, and then initiate the process for service of the complaint.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File a first amended complaint curing the deficiencies identified in this order; or
   b. Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on his claim for excessive force in violation of the Eighth Amendment against Defendant Figueroa; and
3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.

IT IS SO ORDERED.

Dated: **May 14, 2019**        /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE

5