# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYREE BREEDLOVE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIGUEROA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-01669-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER *NUNC PRO TUNC*<br><br>(ECF No. 26)<br><br>**Exhaustion Motion Deadline: December 17, 2020** |

　　　　Plaintiff Kyree Breedlove ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Figueroa for excessive force in violation of the Eighth Amendment.

　　　　Pursuant to the Court's February 6, 2020 Discovery and Scheduling Order, the deadline for filing motions for summary judgment for failure to exhaust administrative remedies expired on May 6, 2020.  (ECF No. 25.)

　　　　On July 30, 2020, Defendant filed the instant Motion to Modify Discovery and Scheduling Order *Nunc Pro Tunc* to extend the exhaustion-based dispositive motion deadline to December 17, 2020, the same date as the dispositive motion deadline, to allow counsel the opportunity to submit an exhaustion-based motion for summary judgment.  (ECF No. 26.)

Although Plaintiff has not had an opportunity to respond to the motion, the Court finds a response

1

unnecessary and the motion is deemed submitted.  Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  If the party was not diligent, the inquiry should end.  Id.

Defense counsel states that good cause exists to modify the scheduling order because counsel originally planned to take Plaintiff's deposition in early April and file an exhaustion-based motion for summary judgment by the original May 6, 2020 deadline.  (ECF No. 26-1.)  However, counsel inadvertently failed to calendar the separate exhaustion motion deadline, and due to the subsequent coronavirus (COVID-19) pandemic, counsel did not discover the calendaring error and expiration of the exhaustion motion deadline until July 29, 2020.  Counsel argues that Defendant has a meritorious exhaustion defense in this case and should not be penalized for counsel's error.  In addition, due to the ongoing pandemic and CDCR's restrictions on inmate depositions, counsel states that Plaintiff's deposition cannot be taken until after August 2020.  Defendant therefore requests that the Court reset the exhaustion motion deadline *nunc pro tunc* to December 17, 2020, the same date as the deadline for filing all other dispositive motions.  (Id.)

Having considered Defendant's moving papers, the Court finds good cause to continue the exhaustion-based dispositive motion deadline in this action.  Furthermore, due to circumstances outside the control of Defendant, Plaintiff's deposition cannot occur until after August 2020.  Defendant asserts that there is a meritorious exhaustion defense, and the Court finds it more efficient to address a potentially dispositive issue earlier rather than in a later dispositive motion or at trial.  Finally, the Court finds that Plaintiff will not be prejudiced by the extension requested here, as no other pretrial deadlines are affected by the extension.

Based on the foregoing, Defendant's motion to modify the discovery and scheduling order *nunc pro tunc*, (ECF No. 26), is HEREBY GRANTED.  Motions for summary judgment for

failure to exhaust administrative remedies shall be filed on or before **December 17, 2020**. All other deadlines and requirements set in the Court's February 6, 2020 Discovery and Scheduling Order remain in effect.

IT IS SO ORDERED.

Dated: **July 30, 2020**        /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE