# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYREE BREEDLOVE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FIGUEROA, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:18-cv-01669-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S SECOND MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 28)<br><br>**Discovery Deadline: November 20, 2020**<br><br>**Dispositive Motion Deadline: January 31, 2021** |

Plaintiff Kyree Breedlove ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Figueroa for excessive force in violation of the Eighth Amendment.

Pursuant to the Court's February 6, 2020 Discovery and Scheduling Order and July 30, 2020 order granting Defendant's motion to modify discovery and scheduling order *nunc pro tunc*, the deadline for completion of all discovery was October 6, 2020, and the deadline for filing dispositive motions, including motions for summary judgment for failure to exhaust administrative remedies, is December 17, 2020.  (ECF Nos. 25, 27.)

On October 6, 2020, Defendant filed a second Motion to Modify Discovery and Scheduling Order.  (ECF No. 28.)  Defendant originally planned to take Plaintiff's deposition in April, but due to movement and video conference equipment constraints at CDCR institutions

1

1  caused by the COVID-19 pandemic, defense counsel was unable to schedule Plaintiff's
2  deposition from April through September.  Based on changing equipment and the availability of
3  equipment, Defendant believes he will be able to schedule the deposition of Plaintiff in the next
4  45 days.  Accordingly, Defendant requests that the discovery and dispositive motion deadlines be
5  extended by forty-five days, to November 20, 2020 and January 31, 2021, respectively.  (Id.)
6  Although Plaintiff has not had an opportunity to respond to the motion, the Court finds a response
7  unnecessary and the motion is deemed submitted.  Local Rule 230(l).

8  Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and
9  with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily
10 considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations,
11 Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot
12 reasonably be met despite the diligence of the party seeking the extension."  Id.  If the party was
13 not diligent, the inquiry should end.  Id.

14 Having considered Defendant's moving papers, the Court finds good cause to continue the
15 discovery and dispositive motion deadlines in this action.  Due to circumstances outside the
16 control of Defendant, Plaintiff's deposition could not be taken from March to September 2020.
17 Defendant asserts that there is a meritorious exhaustion defense, and the Court finds it more
18 efficient to address a potentially dispositive issue earlier rather than in a later dispositive motion
19 or at trial.  Finally, the Court finds that Plaintiff will not be prejudiced by the extension requested
20 here, as no other pretrial deadlines are affected by the extension.

21 Based on the foregoing, IT IS HEREBY ORDERED as follows:

22  1. Defendant's second motion to modify the discovery and scheduling order, (ECF No. 28),
23     is GRANTED;
24  2. The deadline for completion of all discovery is extended to **November 20, 2020**;
25  3. The deadline for filing all dispositive motions, including motions for summary judgment
26     for failure to exhaust administrative remedies, shall be filed on or before **January 31,**
27     **2021**; and
28  ///

4. All other deadlines and requirements set in the Court's February 6, 2020 Discovery and Scheduling Order remain in effect.

IT IS SO ORDERED.

Dated:  **October 8, 2020**           /s/ Barbara A. McAuliffe           _
                                    UNITED STATES MAGISTRATE JUDGE