# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYREE BREEDLOVE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FIGUEROA, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:18-cv-01669-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S FIFTH MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 35)<br><br>**Dispositive Motion Deadline: May 1, 2021** |

　　　　Plaintiff Kyree Breedlove ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Figueroa for excessive force in violation of the Eighth Amendment.

　　　　Pursuant to the Court's February 6, 2020 Discovery and Scheduling orders and Defendant's subsequent motions to modify the discovery and scheduling order, the deadline for filing dispositive motions, including motions for summary judgment for failure to exhaust administrative remedies, is April 1, 2020.  (ECF Nos. 25–29, 33–34.)  The original deadline motions for summary judgment for failure to exhaust administrative remedies was May 6, 2020, and the original deadline for filing all other dispositive motions was December 17, 2020.  (ECF No. 25.)

　　　　Currently before the Court is Defendant's fifth motion for extension of the dispositive motion deadline, filed April 1, 2021.  (ECF No. 35.)  Defendant argues that since the Court

granted Defendant's previous motion to modify the discovery and dispositive motion deadlines in this action, Defendant has completed substantial work on his dispositive motion. However, Defendant is still waiting for the CDCR Office of Appeals ("OOA") to provide a signed declaration regarding Plaintiff's appeal history. Defense counsel has been advised the OOA is working through a backlog of similar declaration requests and requires additional time to work on a declaration for this case. As in prior motions, defense counsel argues that he has been diligent in attending to deadlines in this matter by obtaining and reviewing Plaintiff's central file records; preparing for and attending an early settlement conference in this case on February 4, 2020; interviewing Defendant regarding Plaintiff's allegations; and took Plaintiff's deposition on October 30, 2020. In light of these circumstances, Defendant requests a thirty-day extension of the dispositive motion deadline to provide time for Defendant to finish drafting the dispositive motion. (Id.) Although Plaintiff has not had an opportunity to respond to the motion, the Court finds a response unnecessary and the motion is deemed submitted. Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Having considered Defendant's moving papers, the Court finds good cause to continue the dispositive motion deadline in this action. Defendant has been diligent in preparing the dispositive motion and appears to be awaiting the completion of only one declaration in support of the motion. Finally, the Court finds that Plaintiff will not be prejudiced by the extension requested here.

However, the Court notes that the extended deadline is now **one year** from the original deadline for the filing of summary judgment motions for failure to exhaust administrative remedies, and nearly five months from the original deadline for all other dispositive motions. Despite the challenges of taking Plaintiff's deposition and preparing the dispositive motion during

the COVID-19 pandemic, the extensions requested in the instant action are becoming disproportionate to the complexity of the claim at issue. **Defendant is warned that further requests for extension of this deadline—including extensions of the merits dispositive motion deadline—will be subject to a narrow interpretation of what constitutes good cause, and Plaintiff will be permitted the opportunity to file a response to any future requests.**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's fifth motion to modify the discovery and scheduling order, (ECF No. 35), is GRANTED; and
2. The deadline for filing all dispositive motions, including motions for summary judgment for failure to exhaust administrative remedies, shall be filed on or before **May 1, 2021**.

IT IS SO ORDERED.

Dated:   **April 2, 2021**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

3