# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYREE BREEDLOVE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FIGUEROA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01669-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 43)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Kyree Breedlove ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Figueroa ("Defendant") for excessive force in violation of the Eighth Amendment. For the reasons that follow, the Court recommends that this action be dismissed, with prejudice.

**I.　Background**

On April 30, 2021, Defendant filed a motion for summary judgment on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies as to his Eighth Amendment claim; and (2) Plaintiff's Eighth Amendment claim against Defendant is barred by the favorable termination rule. Fed. R. Civ. P. 56. (ECF No. 37.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012);

1

*Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 37-1.) Plaintiff was granted an extension of time to file his opposition on June 8, 2020. (ECF No. 40.)

Following Plaintiff's failure to file an opposition or otherwise communicate with the Court, on August 2, 2021, the Court issued an order for Plaintiff to show cause why this action should not be dismissed, with prejudice, for failure to prosecute. (ECF No. 41.) Plaintiff was informed that he could comply with the Court's order by filing his opposition to Defendant's summary judgment motion. Plaintiff was also warned that if he failed to comply with the Court's order, this matter would be dismissed, with prejudice, for failure to prosecute. (*Id.*) Plaintiff filed a response seeking a further extension of time, which the Court granted on August 16, 2021. (ECF Nos. 42, 43.) Plaintiff was again warned that his failure to file an opposition in compliance with the Court's order would result in dismissal of this action, with prejudice, for failure to prosecute. (ECF No. 43.) Plaintiff's opposition was due on or before September 20, 2021. (*Id.*)

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for nearly three years, and Plaintiff's response or opposition to Defendant's motion for summary judgment is overdue. Plaintiff was warned that his failure to comply with the Court's order to show cause would result in dismissal of this action, with prejudice, for failure to prosecute. Plaintiff was permitted multiple extensions of time to file his opposition to Defendant's motion for summary judgment, and he has failed to comply.

Plaintiff is obligated to comply with the Local Rules and was informed by Defendant of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendant's notice, Plaintiff did not file an opposition. Plaintiff has not provided any indication that he is attempting to prepare, or that he intends to submit, an opposition to Defendant's summary judgment motion, despite being provided multiple opportunities and extensions of time to do so. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's August 2, 2021 order to show cause and August 16, 2021 order granting a second extension of time expressly warned Plaintiff that if he failed to comply with those orders, this matter would be dismissed, with prejudice, for

3

failure to prosecute. (ECF Nos. 41, p. 2; 43, p. 3.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

### III. Order and Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 6, 2021__          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE