# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYREE BREEDLOVE,<br><br>           Plaintiff,<br><br>   v.<br><br>FIGUEROA, *et al.*,<br><br>           Defendants. | Case No. 1:18-cv-01669-DAD-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S OBJECTIONS AS A MOTION FOR EXTENSION OF TIME<br>(ECF No. 45)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br>(ECF No. 44)<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE PLAINTIFF'S MAILING ADDRESS<br><br>ORDER GRANTING MOTION FOR THIRD EXTENSION OF TIME TO OPPOSE MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 45)<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

Plaintiff Donnell Cox ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Figueroa ("Defendant") for excessive force in violation of the Eighth Amendment.

On April 30, 2021, Defendant filed a motion for summary judgment on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies as to his Eighth Amendment claim; and

1

(2) Plaintiff's Eighth Amendment claim against Defendant is barred by the favorable termination rule.  Fed. R. Civ. P. 56.  (ECF No. 37.)  Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 37-1).  Plaintiff was granted a first extension of time to file his opposition on June 8, 2021.  (ECF No. 40.)

Following Plaintiff's failure to file an opposition or otherwise communicate with the Court, on August 2, 2021, the Court issued an order for Plaintiff to show cause why this action should not be dismissed, with prejudice, for failure to prosecute.  (ECF No. 41.)  Plaintiff was informed that he could comply with the Court's order by filing his opposition to Defendant's summary judgment motion.  Plaintiff was also warned that if he failed to comply with the Court's order, this matter would be dismissed, with prejudice, for failure to prosecute.  (*Id.*)  Plaintiff filed a response seeking a second extension of time, which the Court granted on August 16, 2021.  (ECF Nos. 42, 43.)  Plaintiff was again warned that his failure to file an opposition in compliance with the Court's order would result in dismissal of this action, with prejudice, for failure to prosecute.  (ECF No. 43.)

Plaintiff again failed to file an opposition or otherwise communicate with the Court.  Accordingly, on October 6, 2021, the Court issued findings and recommendations that this action be dismissed, with prejudice, for failure to prosecute and failure to obey a court order.  (ECF No. 44.)  Those findings and recommendations are currently pending.

On October 21, 2021, Plaintiff filed objections to the findings and recommendations.  (ECF No. 45.)  In his objections, Plaintiff argues that the Court has previously granted lengthy extensions of time for Defendant to file a summary judgment for failure to exhaust, and Plaintiff has good cause for requesting another extension of time to file his opposition to the pending summary judgment motion.  Plaintiff states that he was moved to another prison and all of his property was left behind.  He was then quarantined twice since arriving at the prison on September 1, 2021, limiting his access to the law library.  Plaintiff had a seizure and his health is not in the best condition.  Plaintiff has a criminal case that he was moved to his current institution

to fight, so he has a large caseload.  There is a current COVID-19 outbreak at his current institution, limiting his mobility and access to legal materials.  Finally, Plaintiff states that he filed his motion for extension prior to receiving the Court's motion to dismiss.[1]  Plaintiff requests a 45-day extension.  (*Id.*)

In light of Plaintiff's request, the Court construes the objections as a motion for a third extension of time to file his opposition to the pending motion for summary judgment.  Defendant has not had an opportunity to file a response, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Having reviewed the request, the Court finds good cause for the requested extension of time.  Fed. R. Civ. P. 6(b).  Accordingly, the Court finds it appropriate to vacate the pending findings and recommendations, issued on October 6, 2021.  (ECF No. 44.)

However, Plaintiff is reminded that it is his responsibility to keep the Court up to date as to his current address, as well as to request extensions of deadlines <u>before</u> they expire.  Furthermore, it has now been five months since the original deadline for the filing of Plaintiff's opposition to Defendant's motion for summary judgment.  **<u>Plaintiff is warned that any future requests for extension of this deadline will be subject to a narrow interpretation of what constitutes good cause.</u>**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's objections, (ECF No. 45), are CONSTRUED as a motion for extension of time to file an opposition to Defendant's motion for summary judgment;
2. The findings and recommendations issued on October 6, 2021, (ECF No. 44), are VACATED;
3. The Clerk of the Court is DIRECTED to update Plaintiff's mailing address pursuant to ECF No. 45;
4. Plaintiff's motion for extension of time, (ECF No. 45), is GRANTED; and

///

---

[1] Plaintiff appears to be referring to the Court's October 6, 2021 findings and recommendations.

3

5. Plaintiff's opposition to Defendant's motion for summary judgment is due within **forty-five (45) days** from the date of service of this order; and

6. **Plaintiff's failure to file an opposition in compliance with this order will result in dismissal of this action, with prejudice, for failure to prosecute.**

IT IS SO ORDERED.

Dated: **October 25, 2021**              /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE